UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARCO TULIO SIMON ICU,

                    Plaintiff,

    -vs.-

E & E NY INC. d/b/a MEDITERRANEAN GRILL,
EDWARD F. CRUZ a/k/a EDDIE FRANCIS
CRUZ and EMMA CRUZ,

                    Defendants.
------------------------------------------------------------X

Case No.

**COMPLAINT**

Plaintiff, MARCO TULIO SIMON ICU, by and through his attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby alleges as follows:

### *NATURE OF CASE*

1. This is a civil action for damages and equitable relief based upon Defendant's flagrant and willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the FLSA's minimum wage provisions, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the NYLL's minimum wage provisions, NYLL § 652(1); (v) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (vi) the requirement that employers furnish employees with a wage notice at the time of hiring and/or on an annual basis containing specific categories of information, NYLL § 195(1); (vii) the requirement that employers pay spread of hours premiums under the NYCCRR tit. 12 § 142 et seq. and (viii) any other claim(s) that can be inferred from the facts set forth herein.

## THE PARTIES

2. Plaintiff MARCO TULIO SIMON ICU, (hereinafter "Mr. Simon" or "Plaintiff") is an individual residing in Queens County, New York.

3. Defendant E & E NY INC. d/b/a MEDITERRANEAN GRILL (hereinafter "Mediterranean Grill") was and is a domestic business corporation.

4. Upon information and belief, In Mediterranean Grill's principal place of business is located at 160-24 Willets Point Blvd, Whitestone, NY, 11357.

5. Upon information and belief, Defendant EDWARD F. CRUZ a/k/a EDDIE FRANCIS CRUZ, (hereinafter "Edward") is an individual, whose actual place of residence is located at 6 Rose Avenue, Westbury, NY 11590.

6. Upon information and belief, at all times herein pertinent, Defendant Edward, served as a principal, officer and/or manager of Defendants Mediterranean Grill.

7. At all times herein relevant, upon information and belief, Edward is one of the ten largest shareholders as determined by the fair value of the beneficial interest of Defendants Mediterranean Grill.

8. Prior to the filing of this action, Defendant Edward was served with a notice pursuant to N.Y. Bus. Corp. Law § 630.

9.     By operation of law, pursuant to the notices above, Defendant Edward is personally liable for unpaid wages to the Plaintiff.

10.     Upon information and belief, Defendant EMMA CRUZ, (hereinafter "Emma") is an individual, whose actual place of residence is located at 6 Rose Avenue, Westbury, NY 11590.

11.     Upon information and belief, at all times herein pertinent, Defendant Emma, served as a principal, officer and/or manager of Defendants Mediterranean Grill.

12.     At all times herein relevant, upon information and belief, Emma is one of the ten largest shareholders as determined by the fair value of the beneficial interest of Defendants Mediterranean Grill.

13.     Prior to the filing of this action, Defendant Emma was served with a notice pursuant to N.Y. Bus. Corp. Law § 630.

14.     By operation of law, pursuant to the notices above, Defendant Emma is personally liable for unpaid wages to the Plaintiff.

15.     Upon information and belief, for the calendar year 2016 the gross receipts of Mediterranean Grill were not less than $500,000.00.

16. Upon information and belief, for the calendar year 2017 the gross receipts of Mediterranean Grill were not less than $500,000.00.

17. Upon information and belief, for the calendar year 2018 the gross receipts of Mediterranean Grill were not less than $500,000.00.

18. Upon information and belief, for the calendar year 2019 the gross receipts of Mediterranean Grill will not be less than $500,000.00.

19. Upon information and belief Defendants Edward and Emma own all the beneficial interest in the entity defendant Mediterranean Grill.

20. Upon information and belief, Defendants Edward and Emma conducted substantially all the management functions of defendant Mediterranean Grill.

21. Upon information and belief, the individual defendants consider and resolve payroll, scheduling, and human resource issues for the entity defendant. This includes, but is not limited to, assigning employees shifts, mode and methods of payment, and employment locations.

### *JURISDICTION AND VENUE*

22. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual

nexus, specifically Articles 6 & 19 of the Labor Law and related New York State Department of Labor regulations.

23. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

24. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

25. At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce, including, but not limited to, soaps, brooms, mops, trash bags and bins.

26. Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

27. Mediterranean Grill operates as a restaurant.

28. Mr. Simon was employed by the Defendants from on or about February 23, 2013 until on or about July 1, 2018.

29. Mr. Simon was assigned various duties including but not limited to washing dishes, sweeping and mopping floors and taking out trash.

30. Throughout his employment with the Defendants Mr. Simon worked Tuesdays, Thursdays and Fridays from 11:00am until 10:00pm, Saturdays from 12:00pm until 11:00pm and Sundays from 12:00pm until 10:00pm.

31. Mr. Simon was compensated a weekly salary of $380.00 per work week from on or about February 23, 2013 until on or about January 1, 2014 where he was afforded a raise to $420.00 per work week and remained until his termination.

32. Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

33. Plaintiff did not receive the statutory minimum wage for all hours worked.

34. Defendants failed to provide Plaintiff with any wage statements that reflected the amount of hours he worked, his regular rate of pay or his overtime rate of pay for each hour he worked in excess of forty hours in a given workweek.

35. Defendant intentionally did not provide Plaintiff with a wage notice at the time of his hire, or at any time thereafter, containing any of the following information: his rates of pay and basis thereof; whether Plaintiff was paid by the hour, shift, day, week,

salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by Defendant; the name and physical addresses of Defendant; any "doing business as" names used by Defendant; and Defendant's mailing addresses and telephone numbers.

36. Defendants Edward and Emma had the power to hire employees at Mediterranean Grill and hired Mr. Simon on or about February 23, 2013.

37. Upon information and belief, Defendants Edward and Emma had the power to fire employees at Mediterranean Grill.

38. Defendant Edward fired Mr. Simon on or about July 1, 2018.

39. Defendants Edward and Emma controlled the terms of the Plaintiff's employment in that they would tell him what tasks to complete and on what time frame they needed to be completed.

40. Upon information and belief, Defendants Edward and Emma controlled the work schedule of all of the employees of Mediterranean Grill, including the Plaintiff's work schedule.

41. Upon information and belief, the Defendants Edward and Emma controlled the rates and methods of payment of each of the employees of Mediterranean Grill, including the Plaintiff's pay rates and methods of pay.

7

42. Defendant Emma paid the Plaintiff his wages and the wages of all other employees at Mediterranean Grill.

43. At all times herein pertinent, the Plaintiff performed his duties for Defendants Mediterranean Grill at the direction and under the control of Defendants Edward and Emma.

44. Upon information and belief, and at all times herein pertinent, Defendants Edward and Emma exercised close control over the managerial operations of Mediterranean Grill, including the policies and practices concerning employees.

45. At all times herein pertinent, Defendants Edward and Emma controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Mediterranean Grill in general, and with respect to the Plaintiff in particular.

46. At all times herein pertinent, Defendants Edward and Emma acted as the Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

47. The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages earned.

48. Plaintiff alternatively allege that Defendants created records showing the number of hours Plaintiff worked and/or of wages earned, but upon information and belief, has not maintained them as required by law.

49. Upon information and belief, Defendants, at the time of hire, failed to give the Plaintiff a wage notice that conforms with New York law.

50. Upon information and belied, Defendants failed to give the Plaintiff a wage statement with every payment of wages.

51. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs.

52. Every hour that Plaintiff worked was for Defendants' benefit.

### AS AND FOR A FIRST CAUSE OF ACTION
### FEDERAL FAIR LABOR STANDARDS ACT
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (MINIMUM WAGE)

53. Plaintiff hereby incorporates all the preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

54. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

55. Defendants have failed to pay the proper statutory minimum wage to which he has been entitled under the FLSA.

56. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices

described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

57. Due to Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

58. As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of the proper minimum wage compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### *AS AND FOR A SECOND CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(OVERTIME)*

59. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

60. Defendants were required to directly pay the Plaintiff an overtime premium of one and one half times the Plaintiff's regular rate of pay for all hours worked over forty (40) in a given workweek.

61. Defendants failed to pay the Plaintiffs the overtime wages to which the Plaintiff was entitled under the FLSA.

62. All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

### AS AND FOR A THIRD CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY MINIMUM WAGE)

63. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

64. At all times herein pertinent, Plaintiff was an employee of Defendants within the meaning of the New York Labor Law.

65. Defendants are joint employers of the Plaintiff within the meaning of the New York Labor Law.

66. The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

67. Defendants have failed to pay the Plaintiff the proper minimum wages to which he was entitled under the New York Labor Law.

68. By Defendants' failure to pay the Plaintiff proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor

Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

### AS AND FOR A FOURTH CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (OVERTIME)

69. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

70. At all times herein pertinent, the Plaintiff is and was an employee of Defendants within the meaning of the New York Labor Law.

71. Defendants are joint employers of the Plaintiff within the meaning of the New York Labor Law.

72. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

73. Defendants have failed to pay the Plaintiff the overtime wages to which he is entitled under the New York Labor Law.

74. By Defendants' failure to pay the Plaintiff premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor

Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

### AS AND FOR A FIFTH CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY SPREAD OF HOURS)

75. The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

76. The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 146-1.6, by failing to pay Plaintiff, one additional hour of pay at the prevailing minimum wage for each day during which there was a split shift and/or the spread of hours exceeded 10 hours.

77. Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

78. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

### *AS AND FOR A SIXTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE ANNUAL WAGE NOTICES)*

79. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

80. Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

81. Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A SEVENTH CAUSE OF ACTION*
### *NEW YORK STATE LABOR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PROVIDE WAGE STATEMENTS*

82. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

83. Defendants have willfully failed to furnish the Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

84. Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

  a) awarding back pay for minimum wage due and owing to the Plaintiff;

  b) awarding back pay for overtime pay due and owing to the Plaintiff;

  c) awarding back pay for spread-of-hours & split-shift pay due and owing to the Plaintiff;

d) Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

e) awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

f) awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

g) awarding any other relief this Court deems just, proper and equitable.

Dated: New York, New York
       November 21, 2019

>Respectfully submitted,
>LAW OFFICES OF WILLIAM CAFARO
>
>_____
>Amit Kumar, Esq. (AK0822)
>*Attorneys for Plaintiff*
>108 West 39th Street, Suite 602
>New York, New York 10018
>(212) 583-7400
>AKumar@Cafaroesq.com